**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
Frank C. Brucculeri, Esq. (137199)
Daniel F. Berberich, Esq. (215946)
1801 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
E-mail:  brose@kayerose.com
         fbrucculeri@kayerose.com
         dberberich@kayerose.com

Attorneys for Defendants
**ZODIAC MARITIME AGENCIES, LTD.**
**and the M/V HYUNDAI INDEPENDENCE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MALAHNI,<br><br>    Plaintiff,<br><br>    v.<br><br>APOLLO NAVIGATION CORP;<br>VESSEL M.V. HYUNDAI<br>INDEPENDENCE; ZODIAC<br>MARITIME AGENCIES, LTD.;<br>HYUNDAI HEAVY INDUSTRIES<br>CO., LTD.,<br><br>    Defendants. | Case No.: CV15-00473 PSG(MRWx)<br><br>**ZODIAC MARITIME AGENCIES, LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hon. Phillip S. Gutierrez |

COMES NOW Defendant ZODIAC MARITIME AGENCIES LTD. (hereinafter referred to as "Defendant" or "Zodiac") and for its answer to the Complaint in this matter, avers, alleges and responds as follow:

1.      In answering the allegations of paragraph 1 of the Complaint, defendant Zodiac notes that it contains no factual allegations against this answering defendant and defendant Zodiac therefore maintains that no formal pleading response is required.  If any party maintains to the contrary, then Zodiac lacks sufficient information or knowledge to justify a belief as to any allegation contained in paragraph 1 of Plaintiff's Complaint.

///

2. In answering the allegations of paragraph 2 of the Complaint, defendant Zodiac notes that it contains no factual allegations against this answering defendant and defendant Zodiac therefore maintains that no formal pleading response is required. If any party maintains to the contrary, then Zodiac admits that the Complaint contains all pages to which it refers and/or that have been filed in connection therewith.

3. In answering the allegations of paragraph 3 of the Complaint, defendant Zodiac states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies each and every such allegation.

4. In answering the allegations of Paragraph 4 of the Complaint, defendant Zodiac states that said paragraph does not contain any allegations to which a response is possible or necessary.

5. In answering the allegations of paragraph 5 of the Complaint, defendant Zodiac for itself only admits that it is a UK registered Limited Company. As to the allegations of this paragraph addressing the status of other party defendants, defendant Zodiac is without sufficient information and belief as to the truth of the allegations, and on that basis denies those allegations.

6. In answering the allegations of paragraph 6 of the Complaint, defendant Zodiac lacks sufficient information or knowledge to justify a belief as to any allegations contained in paragraph 6 of plaintiff's Complaint (as to plaintiff's knowledge of the true names and capacities of all possible defendants), and on that basis denies same. Defendant Zodiac denies the remaining allegations of the paragraph.

7. In answering the allegations of paragraph 7 of the Complaint, defendant Zodiac states that the said paragraph does not contain any allegations to which a response is possible or necessary.

8. In answering the allegations of paragraph 8 of the Complaint,

1  defendant Zodiac denies each and every allegation of this paragraph.

2         9.    In answering the allegations of paragraph 9 of the Complaint,
3  defendant Zodiac states that said paragraph does not contain any allegations to
4  which a response is possible or necessary.

5         10.   In answering the allegations of paragraph 10 of the Complaint,
6  defendant Zodiac admits that the Complaint contains a cause of action for
7  negligence against the named defendants.  Except as so admitted, the allegations
8  of paragraph 10 of Plaintiff's Complaint are denied.

9         11.   In answering the allegations of paragraph 11 of the Complaint,
10 defendant Zodiac denies each and every allegation of this paragraph.

11        12.   In answering the allegations of paragraph 12 of the Complaint,
12 defendant Zodiac states that said paragraph does not contain any allegations to
13 which a response is possible or necessary.

14        13.   In answering the allegations of paragraph 13 of the Complaint,
15 defendant Zodiac admits that the relief sought in the Complaint is within the
16 jurisdiction of this Federal District Court.  Except as so admitted, any additional
17 allegations of paragraph 13 of Plaintiff's Complaint, if any, are denied.

18        14.   In answering the allegations of paragraph 14 of the Complaint,
19 defendant Zodiac denies each and every allegation of this paragraph.

20        15.   In answering the allegations of paragraph 15 of the Complaint,
21 defendant Zodiac states that said paragraph does not contain any allegations to
22 which a response is possible or necessary.   Defendant Zodiac denies each and
23 every allegation contained in paragraph GN-1 of the Complaint and the
24 ATTACHMENT—GENERAL NEGLIGENCE.
25 / / /
26 / / /
27 / / /
28 / / /

Kaye, Rose & Partners LLP

**AS AND FOR ITS AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND EACH AND EVERY CLAIM FOR RELIEF THEREIN, DEFENDANT ALLEGES:**

**FIRST AFFIRMATIVE DEFENSE**

As and for a first, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges on information and belief that plaintiff did not exercise ordinary care, caution or prudence for his welfare to avoid the happening of the alleged incidents, injuries or damages, if any, and by his own failure to do so, thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any.

**SECOND AFFIRMATIVE DEFENSE**

As and for a second, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiff's Complaint and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against this answering defendant.

**THIRD AFFIRMATIVE DEFENSE**

As and for a third, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiff failed to reasonably and seasonably exercise care and diligence to avoid loss and to minimize damages and, therefore, plaintiff may not recover for the losses, if any, which could have been prevented. Therefore, plaintiff's recovery, if any, should be reduced by plaintiff's failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiff's Complaint is barred by the applicable statute of limitations and/or the doctrine of laches.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that the damages allegedly sustained by plaintiff were not caused by any act or omission to act on the part of this answering defendant.

**SIXTH AFFIRMATIVE DEFENSE**

As and for a sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that because of the conduct, acts and omissions of plaintiff, plaintiff has waived any claim to damages alleged in his Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for a seventh, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that because of the conduct, acts and omissions of plaintiff, plaintiff is estopped from claiming the damages alleged in his Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for a eighth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that if this answering defendant is liable to plaintiff for damages herein, which defendant denies, plaintiff's damages must be reduced by the amount attributable to plaintiff's comparative or relative fault therein.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by plaintiff in his Complaint; however, if this answering defendant is subject to any liability to plaintiff, it will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness and negligence of others;

wherefore, any recovery obtained by plaintiff against this answering defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative liability; the liability of this answering defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to this answering defendant.

## TENTH AFFIRMATIVE DEFENSE

As and for a tenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that the injuries and/or damages, if any, referred to in plaintiff's Complaint which are specifically denied, pre-exist the incident alleged in the Complaint in whole or in part, and plaintiff cannot recover damages for his pre-existing condition from this answering defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that any injury, damage or loss was sustained by and solely caused by and attributable to the unreasonable, unforeseeable and totally inappropriate purpose and improper use made by plaintiff and/or his fellow stevedores, of the equipment alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges on information and belief that any injuries sustained by plaintiff while aboard the vessel were self-inflicted, or sustained as a result of plaintiff's own voluntary assumption of the risk of such injuries, and that defendant is accordingly not liable for any such injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges the negligence, if any, and other wrongdoing alleged in plaintiff's Complaint was committed by persons who are not employed by defendant, but who are independent contractors or other third parties, for whom liability may not be imputed to defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges they it is not liable to plaintiff because of the subsequent and intervening acts of third parties which directly caused the happening of the incidents, injuries, losses and damages complained of by plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that any judgment that may be entered against this answering defendant for non-economic damages is several only and not joint, such that recovery for non-economic damages is limited to an amount proportionate with that degree of fault attributable to this answering defendant, if any, as opposed to fault attributable to plaintiff and other third parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiff's recovery, if any, must be reduced by the payments he has received under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. and/or comparable state workers' compensation statutes.

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for a seventeenth, separate and affirmative defense to the Complaint and each of its purported causes of action, defendant alleges that plaintiff has waived his right to trial by jury inasmuch as plaintiff has selected to proceed under this Court's admiralty jurisdiction.

WHEREFORE, defendant ZODIAC MARITIME AGENCIES LTD prays that plaintiff take nothing by his Complaint and that said Complaint be dismissed, and that defendant recovers its costs of suit herein, and for such other and further relief as this Court may deem just and proper.

Dated: January 29, 2015       **KAYE, ROSE & PARTNERS, LLP**


By: */s/ Frank C. Brucculeri*
Bradley M. Rose
Frank C. Brucculeri
Daniel F. Berberich
Attorneys for Defendants
ZODIAC MARITIME AGENCIES, LTD. and the M/V HYUNDAI INDEPENDENCE