Dennis M. Elber, Esq., SBN: 70746
STOLPMAN, KRISSMAN, ELBER & SILVER LLP
111 W. Ocean Boulevard
Suite 1900
Long Beach, CA 90802
Telephone:  (562) 435-8300
Facsimile:   (562) 435-8304

Attorneys for Plaintiff, JOHN MALAHNI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MALAHNI,<br><br>          Plaintiff,<br><br>     vs.<br><br>APOLLO NAVIGATION CORP; VESSEL M.V.; HYUNDAI INDEPENDENCE; ZODIAC MARITIME AGENCIES LTD; HYUNDAI HEAVY INDUSTRIES CO., LTD. and DOES 1 through 100, Inclusive,<br><br>          Defendants. | CASE NO.: 2:15-cv-00473-PSG-MRWx<br>Hon. Philip S. Gutierrez<br><br>FIRST AMENDED COMPLAINT<br><br>**Complaint Served: 12/23/2014** |

Plaintiff JOHN MALAHNI, by and through his undersigned attorneys, complains and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000. Plaintiff reserves the right to trial by jury over all causes of action herein stated except the Second Cause of Action against the Vessel M/V MSC SAMANTHA, in rem, ("Vessel") which is brought pursuant to this Court's Admiralty and maritime jurisdiction. By bringing a claim in rem against the Vessel in the Second Cause of Action below, Plaintiff does not intend to waive and does not waive its right to trial by jury of all of the

remaining claims and causes of action herein stated for which trial by jury is expressly demanded and available pursuant to this Court's Diversity Jurisdiction (28 U.S.C. § 1332(a)(1)).

2. Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) and (d).

## PARTIES

3. Plaintiff JOHN MALAHNI (hereinafter "Plaintiff") is an individual residing in the State of California, County of Los Angeles.

4. Defendant APOLLO NAVIGATION CORP. (hereinafter "Apollo") is a business organization, form unknown. At all relevant times Apollo was doing business in and had significant contacts with the State of California and the County of Los Angeles.

5. Defendant ZODIAC MARITIME AGENCIES, LTD. (hereinafter "Zodiac") is a business organization, form unknown. At all relevant times Zodiac was doing business in and had significant contacts with the State of California and the County of Los Angeles.

6. Defendant HYUNDAI HEAVY INDUSTRIES CO., LTD. (hereinafter "Hyundai") is a business organization, form unknown. At all relevant times Zodiac was doing business in and had significant contacts with the State of California and the County of Los Angeles.

7. Defendant MSC SAMANTHA (hereinafter the "Vessel") is a cargo vessel sailing under the flag of Panama with IMO No. 9110377. At all relevant times the Vessel was doing business in and had significant contacts with the State of California and the County of Los Angeles.

8. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 10 (individually referred to as DOES 1 through 10 and collectively referred to as the "Defendants"), inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and

believe and thereon allege that each of the Defendants designated herein as fictitiously named Defendants is, in some manner, responsible for the events and occurrences herein referred to, and caused the damage to Plaintiffs as herein alleged. At all relevant times DOES 1 through 10 were doing business in and had significant contacts with the State of California and the County of Los Angeles. When Plaintiffs ascertain the true names and capacities of DOES 1 through 10, they will seek to amend their Complaint setting forth the same.

9. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, each of the Defendants, including DOES 1 through 10, was the agent or employee of each of the remaining Defendants, and was acting within the scope and course of said employment and/or agency at the time of the acts complained of herein.

## FIRST CLAIM FOR RELIEF FOR NEGLIGENCE

(Against Apollo, Zodiac, Hyundai and DOES 1 through 10)

10. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 9, as though fully set forth herein. Plaintiff expressly reserves its right to trial by Jury pursuant to this Court's Diversity Jurisdiction (28 U.S.C. § 1332(a)(1)).

11. On or about October 27, 2011 at approximately 0830, while California United Terminals was discharging 20' containers from the vessel MSC SAMANTHA (formerly known as M/V HYUNDAI INDEPENDENCE), a full container ship 5711 TEU, 4th Generation cont. at Berth 406, Port of Los Angeles, Plaintiff, a longshore foreman employed by California United Terminal, was struck in the head by a turnbuckle from the Vessel's 2nd level catwalk, portside, aft of attachment no. 7.

12. The Vessel was built, owned, operated and managed by defendant Hyundai Heavy Industries Co., defendant Apollo Navigation Corp, defendant Zodiac Maritime Agencies Ltd., and Does 1-10. The defendants, and each of them, owned, leased, managed or otherwise controlled the Vessel and therefore owed to the stevedore and his longshoremen employees, including Plaintiff, the duty of exercising due care under the

- 3 -

circumstances involving the stevedoring operation and defendants, and each of them negligently breach their duties pursuant to 33 U.S.C.A. Section 905(b). Defendants, and each of them, negligently designed and/or built and/or maintained and/or used and/or inspected the turnbuckle and related equipment that injured plaintiff in the following ways:

    a)    Defendants, and each of them, failed its turnover duty of safe condition as it relates to the condition of the vessel before it is turned over to the stevedore, to wit: to exercise ordinary care under the circumstances to have the ship and its equipment, including but not limited to the turnbuckles and related equipment, to be used by the stevedore and its employees including Plaintiff, in such condition that an expert and experienced stevedore was able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property at the time loading or unloading operations begin;

    b)    Defendants, and each of them, failed its turnover duty to warn, to wit: warn the stevedore of any hazards on the ship or with respect to its equipment, including but not limited to the turnbuckles and related equipment, that were known to the vessel or should have been known to it in the exercise of reasonable care and that would likely be encountered by the stevedore in the course of his cargo operations and that were not known or obvious or anticipated by the stevedore if reasonably competent in the performance of his work;

    c)    Defendants, and each of them, failed in their intervention duty, to wit: to intervene to correct dangerous conditions including, but not limited to the turnbuckle and related equipment, that the defendants and each of them knew of should have know about that, despite being within the responsibility of the stevedore, so clearly should be corrected rather than endured;

    d)    Defendants, and each of them, failed its active involvement duty, to wit: actively involving itself in the cargo operations and negligently injuring plaintiff;

    e)    Defendants, and each of them, failed their active control duty, to wit: failing to exercise due care to avoid exposing longshoremen to harm from hazards they

may encounter in areas, or from equipment including but not limited to the turnbuckle and related equipment, under the active control of the vessel during the stevedoring operation.

13. At the time of his injury, Plaintiff was a longshore foreman with a proven earning capacity of approximately $250,000 per year. Defendants, and each of them, negligently breached their duties and caused Plaintiff severe injuries requiring hospitalization and permanent disabilities. The fire ambulance report states that Plaintiff was in respiratory distress, had an altered level of consciousness, Glasgow Coma Score of 6, was unable to respond, and had a loss of consciousness of ten minutes. He was hospitalized until November 4, 2011 when he was discharged to an inpatient rehabilitation facility where he spent six weeks treating multiple brain injury problems with gait, left extremity weakness, language difficulty, cognitive difficulties and depression. He continues to suffer from cognitive impairment and right lower leg extremity paralysis that precludes him from all gainful employment. At the time of his injury in 2011, Plaintiff was 51 years of age and intended to work as a longshore foreman through at least the age of 70 and as a result of the negligence of defendants, and each of them, Plaintiff will suffer at least a 20 year loss of earnings and earning capacity of $250,000 per year plus benefits in addition to lifetime damages of medical expenses, past and future, and lifetime pain and suffering, past and future.

## SECOND CLAIM FOR RELIEF FOR NEGLIGENCE

(Against MSC SAMANTHA, In Rem)

14. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 9 and 11 through 13, as though fully set forth herein.

15. Without prejudice to the Court's diversity jurisdiction and Plaintiff's right to a jury trial as alleged in Paragraph 1 above, with respect to Plaintiff's claim for relief against the Vessel In Rem only, Plaintiff submits that this is an admiralty and maritime claim subject to this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, and is also an admiralty claim within the meaning of F.R.Civ.P. 9(h) inasmuch as the incident giving rise to the claims herein occurred on U.S. navigable waters.

16.   On or about October 27, 2011, defendants, and each of them, owned, leased, managed or otherwise controlled the Vessel and therefore owed to the stevedore and his longshoremen employees, including Plaintiff, the duty of exercising due care under the circumstances involving the stevedoring operation and defendants, and each of them negligently breach their duties pursuant to 33 U.S.C.A. Section 905(b). Defendants, and each of them, negligently designed and/or built and/or maintained and/or used and/or inspected the turnbuckle and related equipment that injured plaintiff in the following ways:

a)   Defendants, and each of them, failed its turnover duty of safe condition as it relates to the condition of the vessel before it is turned over to the stevedore, to wit: to exercise ordinary care under the circumstances to have the ship and its equipment, including but not limited to the turnbuckles and related equipment, to be used by the stevedore and its employees including Plaintiff, in such condition that an expert and experienced stevedore was able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property at the time loading or unloading operations begin;

b)   Defendants, and each of them, failed its turnover duty to warn, to wit: warn the stevedore of any hazards on the ship or with respect to its equipment, including but not limited to the turnbuckles and related equipment, that were known to the vessel or should have been known to it in the exercise of reasonable care and that would likely be encountered by the stevedore in the course of his cargo operations and that were not known or obvious or anticipated by the stevedore if reasonably competent in the performance of his work;

c)   Defendants, and each of them, failed in their intervention duty, to wit: to intervene to correct dangerous conditions including, but not limited to the turnbuckle and related equipment, that the defendants and each of them knew of should have know about that, despite being within the responsibility of the stevedore, so clearly should be corrected rather than endured;

d)   Defendants, and each of them, failed its active involvement duty, to wit:

1  actively involving itself in the cargo operations and negligently injuring plaintiff;

2       e)    Defendants, and each of them, failed their active control duty, to wit: failing to exercise due care to avoid exposing longshoremen to harm from hazards they may encounter in areas, or from equipment including but not limited to the turnbuckle and related equipment, under the active control of the vessel during the stevedoring operation.

     18.    At the time of his injury, Plaintiff was a longshore foreman with a proven earning capacity of approximately $250,000 per year. Defendants, and each of them, negligently breached their duties and caused Plaintiff severe injuries requiring hospitalization and permanent disabilities. The fire ambulance report states that Plaintiff was in respiratory distress, had an altered level of consciousness, Glasgow Coma Score of 6, was unable to respond, and had a loss of consciousness of ten minutes. He was hospitalized until November 4, 2011 when he was discharged to an inpatient rehabilitation facility where he spent six weeks treating multiple brain injury problems with gait, left extremity weakness, language difficulty, cognitive difficulties and depression. He continues to suffer from cognitive impairment and right lower leg extremity paralysis that precludes him from all gainful employment. At the time of his injury in 2011, Plaintiff was 51 years of age and intended to work as a longshore foreman through at least the age of 70 and as a result of the negligence of defendants, and each of them, Plaintiff will suffer at least a 20 year loss of earnings and earning capacity of $250,000 per year plus benefits in addition to lifetime damages of medical expenses, past and future, and lifetime pain and suffering, past and future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    Compensatory damages according to proof at trial; and

2.    For such other and further relief as the Court deems just and proper.

///
///
///

## JURY DEMAND

Plaintiff demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: April 8, 2015

STOLPMAN, KRISSMAN, ELBER & SILVER LLP

By: _____
DENNIS M. ELBER,
Attorneys for Plaintiff,
JOHN MALAHNI

|   |   |   |
|---|---|---|
| 1 |   | PROOF OF SERVICE |
| 2 | | I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 111 W. Ocean Boulevard, Suite #1900, Long Beach, California 90802. |
| 4 | | On the date set forth below, I served the foregoing document(s): |
| 5 | | FIRST AMENDED COMPLAINT |
| 6 | [] | BY MAIL as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, all mail is deposited with the U.S. Postal Service on the same day with postage thereon, fully prepaid at Long Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postage meter date is more than one day after date of deposit for mailing in the affidavit. See attached mailing list for addressee(s). |
| 10 | [ ] | BY PERSONAL SERVICE: I caused a true and correct copy thereof enclosed in a sealed envelope, to be delivered by hand to the addressee(s) listed on the attached mailing list. |
| 12 | [ ] | BY OVERNIGHT COURIER: I caused the above-referenced document to be delivered to an overnight courier service (FED EX, UPS, U.S.P.S. Express Mail, etc.) for delivery to the addressee(s) listed on the attached mailing list. |
| 14 | [] | BY FACSIMILE TRANSMISSION: I caused the above-referenced document to be transmitted to the addressee(s) at the facsimile number listed on the attached mailing list. |
| 16 | [x] | BY E-MAIL/ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission [ECF NEF], I caused the above-referenced document to be transmitted to the person at the e-mail address listed on the mailing list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| 19 | [X] | (State) I declare under penalty of perjury, pursuant to the laws of the State of California, that the above is true and correct. |
| 21 | [ ] | (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made. |

Executed this 8TH day of April 2015, at Long Beach, California.

_____
Daisy M. Torres, Declarant

**MALAHNI v. APOLLO NAVIGATION CORP, et al**
United States District Court Case Number: 2:15-cv-00473-PSG (MRWx)
Assigned to Hon. Mariana R. Pfaelzer

| | |
|---|---|
| Bradley M. Rose, Esq.<br>Frank C. Brucculeri, Esq.<br>Daniel F. Berberich, Esq.<br>1801 Century Park East<br>Suite 1500<br>Los Angeles, California 90067<br>Telephone: (310) 551-6555<br>Facsimile: (310) 277-1220<br>E-Mail: fbrucculeri@kayerose.com | Attorneys for Plaintiffs, ZODIAC MARITIME AGENCIES, LTD. and the M/V HYUNDAI INDEPENDENCE |